IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| RUTH A TILLERY, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY A. BERRYHILL, | *   No. 4:16CV00631-JJV |
| Acting Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Ms. Tillery has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work - despite her impairments. (Tr. 11-22.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is sixty years old.  (Tr. 32.)  She testified she is a high school graduate and attended junior college.  (Tr. 32-33.)  She has past work as a customer service representative, receptionist, and general office clerk.  (Tr. 21.)

The ALJ[1] found Ms. Tillery had not engaged in substantial gainful activity since June 19, 2011- the alleged onset date.  (Tr. 13.) She has "severe" impairments in the form of "disorder of the left knee, chronic bilateral knee pain, osteoarthritis and obesity."  (*Id*.)  The ALJ further found Ms. Tillery did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 15-16.)

The ALJ determined Ms. Tillery had the residual functional capacity to perform a slightly reduced range of light work given her physical impairments.  (Tr. 16.)   He utilized the services of a vocational expert to determine if plaintiff could perform any of her past jobs.  (Tr. 48-67.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Based on the testimony of the vocational expert, the ALJ determined Ms. Tillery could perform her past jobs of customer service representative, receptionist, and officer clerk - as they are generally and actually performed.  (Tr. 21-22.)  Accordingly, the ALJ determined Ms. Tillery was not disabled.   (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Tillery argues the ALJ incorrectly determined her mental impairments were not "severe."  (Doc. No. 13 at 9-12.)  The ALJ analyzed Ms. Tillery's mental issues at some length in his opinion, (Tr. 13-15), and concluded, "Because the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area, they are nonsevere."  (Tr. 15.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).  It has "more than a minimal effect on the claimant's ability to work."  *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--

3

>   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>   (2) Capacities for seeing, hearing, and speaking;
>   (3) Understanding, carrying out, and remembering simple instructions;
>   (4) Use of judgment;
>   (5) Responding appropriately to supervision, co-workers and usual work situations; and
>   (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Terry L. Efrid, Ph.D., diagnosed Plaintiff on Axis I with "major depressive disorder, moderate; panic disorder, with agoraphobia." (Tr. 409.)   But, as the Commissioner correctly points out in her brief, a diagnosis of a mental impairment does not automatically establish it as a "severe" impairment.   *See Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001).   As in Ms. Tillery's case - Dr. Efrid diagnosed Plaintiff with serious mental illnesses - but his overall evaluation shows Plaintiff is not significantly limited by any of these illnesses.   (Tr. 408-410.)

Additionally, the opinions of Cheryl Woodson-Johnson, Psy.D., and Kevin Santulli, Ph.D., support the ALJ's determination that Plaintiff had no "severe" mental impairments.   While I realize these doctors only reviewed the medical records and did not treat or otherwise examine Ms. Tillery, their opinions may still constitute substantial evidence.

Plaintiff's argument regarding her low Global Assessment of Functioning (GAF) scores is also unavailing.   (Doc. No. 13 at 11-12.)   In determining eligibility for Social Security Disability Benefits, GAF scores carry little weight.   The GAF scale is a tool used by mental health professional to determine proper treatment options.   They are not used to determine a petitioner's mental disability under the Act, though they can be taken into account with other evidence in a petitioner's medical records to determine the level of severity of mental disability. *Halverson v. Astrue*, 600 F.3d 922, 930-931 (8th Cir. 2010.)   The Commissioner has declined to endorse the

4

use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings.  *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000).  Measuring mental impairments on a numerical scale is difficult.  DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings.  The diagnostic categories, criteria, and textual descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis.  It is important that DSM-IV not be applied mechanically by untrained individuals.  The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

*Id.* xxxii.

The GAF, by itself, does not rise to the level of a medical opinion that the ALJ must address.  It is no more significant than any of the other axes of the multiaxial assessment.

Plaintiff's strongest evidence comes from Richard Finch, D.O., who opined Ms. Tillery had substantial physical limitations.  (Tr. 428-430.)  The ALJ gave little weight to Dr. Finch's opinion saying, "His treatment notes do not support the greater limitations described in his medical source statements.  While Dr. Finch said on September 20, 2013 that the claimant should avoid weightbearing, on October 28, 2014, he recommended an exercise program and weight loss to improve mobility."  (Tr. 21, 405, 470.)

Generally, an ALJ must give substantial weight to a claimant's treating doctors.  But as the United States Court of Appeals for the Eighth Circuit has re-iterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id*.  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  *Wildman*

5

> *v. Astrue*, 596 F.3d 959, 964 (8th Cir.2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had good reason to discount Dr. Finch's conclusions.  Dr. Finch reports that Plaintiff is extremely limited.  Yet, as the ALJ pointed out in his opinion, such extreme limitations are not borne out by Plaintiff's treatment notes.  For example, treatment notes from January 16, 2014, show Dr. Finch recommended Ms. Tillery avoid *heavy* exertion "and a graduated exercise program."  (Tr. 484.)  This is wholly inconsistent with his residual functional capacity assessment signed nine months later.  (Tr. 428.)

Additionally, Lucy Sauer, M.D., and David L. Hicks, M.D., both reviewed Plaintiff's medical records and concluded Ms. Tillery was capable of performing light work.  (Tr. 76-77, 90-92.)  The opinions of Drs. Sauer and Hicks are consistent with Plaintiff's treatment records and constitute substantial evidence.

Plaintiff also disagrees with the ALJ's credibility assessment.  (Doc. No. 13 at 12-14.)  As Plaintiff recognizes, the credibility assessment plays a significant role in the residual functional capacity assessment.

The ALJ considered Plaintiff's subjective complaints in light of the Social Security Regulations that track those factors outlined in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). In *Polaski*, the Eight Circuit stated:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

6

   1. the claimant's daily activities;

   2. the duration, frequency and intensity of the pain;

   3. precipitating and aggravating factors;

   4. dosage, effectiveness and side effects of medication;

   5. functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

  A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations but found them less than credible. (Tr. 15-21)  I find the credibility analysis was proper.  The ALJ made express credibility findings and gave valid reasons for discrediting Plaintiff's subjective complaints.  *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.  *Gregg v. Barnhart*, 354 F.2d 710, 714 (8th Cir. 2003).  The ALJ is always in the best position to gauge the credibility of a claimant's testimony.  Thus, the ALJ is granted deference in this regard.  *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).

  While Plaintiff has certainly offered some evidence supporting disability, credibility determinations and the weight given to evidence are the prerogatives of the fact finding ALJ, within broad limits.  *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).  Accordingly, I find no basis to overturn the ALJ's credibility determination.

  Plaintiff also believes the ALJ failed to develop the record.  (Doc. No. 13 at 5-9.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither and I find this argument to be without merit.

Ms. Tillery clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence. I am sympathetic to Ms. Tillery's claims. Plaintiff's counsel has done an admirable job advocating for Ms. Tillery's rights in this case, but I am unable to find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

8

F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE